## BOSTON INS CO v ROSS COUNTY FINANCE CO

Ohio Appeals, 4th Dist, Ross Co
Decided Jan 31, 1931

Vorys, Sater, Seymour and Pease, Columbus, and Garrett S. Claypool, Chillicothe, for Ins Co.

John P. Phillips, Chillicothe, for Finance Co.

BLOSSER, J.

We will refer to the parties as they appeared in the trial court. The plaintiff is a partnership doing business in the city of Chillicothe and the defendant is a corporation engaged in the insurance business. The defendant had issued a policy of insurance to the finance company, the policy providing that the occupation or the business of the assured, the description of the automobile insured, the facts with reference to the purchase of the same and the uses to which it would be put and the place where it would usually be kept, contained in the policy, were statements known to and warranted by the assured to be true; that the policy was issued by the insurance company relying upon the truth of the same.

On December 17, 1927, the finance company applied for a certificate of insurance on one Thomas C. Wilson, who had purchased an automobile from the Wilshire garage, and who it was stated was employed as a coal broker at Washington, D. C. making $300.00 a month, and that he had paid $500.00 cash together with the deferred payments amounting to $840.00 on the automobile in question. On the same day Wilson took the automobile from Mr. Wiltshire's garage with dealers' license plates thereon altho plates had been issued to Wilson. Wilson drove the car and some time during the night following wrecked the same on the Chillicothe and Columbus pike. The evidence developed that the cash payment consisted of a worthless check for $500.00; that instead of being a coal broker doing business in the city of Washington, D. C., Wilson was a convict at the Federal reformatory near Chillicothe; that when he contracted to purchase the automobile he was under guard, and that the treasurer of the finance company at the time knew that he was a convict under the jurisdiction and control of the Federal authorities at the reformatory. There is not a scintilla of evidence in the record that supports the statement that Wilson was a coal broker engaged in that business at Washington, D. C. and receiving the salary stated. The most that can be said in support of this contention is that he had a wife living in Washington, D. C. and that as soon as he obtained a release from the reformatory he had made financial arrangements to go on with his business in that city in the future. It is highly improbable that the insurance company had it known all these facts, which were known to Wiltshire and the finance company, would have issued the insurance sued upon. In fact, by the very terms of the policy the business and residence of Wilson and the use to which the automobile was

to be put were made essential conditions of the policy and constituted warranties by the assured and made the policy void if these facts were concealed or misrepresented. Under the terms of the policy and the facts shown in the evidence the plaintiff is not entitled to recover on the first cause of action and the trial court erred in not sustaining the defendant's motion for a directed verdict on that cause of action. **Insurance Company v. Titus, 82 Oh St 161, Insurance Company v. Van Buskirk, 115 Oh St 598, 35 A. L. R. 1468, 14 R. C. L., "Insurance", Section 202.**

By the second cause of action the finance company sought to collect under a single interest collision endorsement for a Ford automobile. While the evidence with reference to the collision and abandonment of the car is conflicting there is some evidence tending to show abandonment by reason of a collision.

Several grounds of error are urged with reference to this cause of action. However, we do not think that any substantial error was committed by the trial court in relation thereto. The verdict of the jury having once been set aside by the Court of Common Pleas as against the manifest weight of the evidence this court is unable to disturb the verdict for that reason. The policy provides that the liability of the company shall not exceed the amount of the unpaid installments of the purchase price not more than thirty days overdue on date of collision of the automobile insured. The answers to the special interrogatories indicate that the jury awarded $175.00 on the second cause of action, while the evidence of Mr. Elsess showed that the amount due on the unpaid notes was the sum of $119.40. The amount of recovery could not exceed that sum.

The verdict of the jury was in one sum on both causes of action but in answer to special interrogatories the jury indicated the amount of recovery on each cause of action.

For the reasons indicated the judgment on the first cause of action is reversed and the judgment on the second cause of action is modified. And this court proceeding to render the judgment that the lower court should have rendered, judgment is entered for the defendant on the first cause of action. The judgment on the second cause of action is modified and judgment is entered in favor of the plaintiff in the sum of $119.40 with interest since the date of the filing of the petition in the Court of Common Pleas.

Middleton, PJ, and Mauck, J, concur.